UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| Shaya Markovic,        ) | | |
|     *Plaintiff*,        ) | | |
|                            ) | | |
|     *vs.*        ) | 1:13-cv-1439-JMS-MJD | |
|                             ) | | |
| Appriss, Inc., *d/b/a buycrash.com*,        ) | | |
|     *Defendant*.        ) | | |

**ORDER DENYING MOTION TO DISMISS**

Presently pending before the Court is a Motion to Dismiss filed by Defendant Appriss, Inc., d/b/a buycrash.com ("Appriss"). [Dkt. 7.] Appriss seeks to dismiss Plaintiff Shaya Markovic's Complaint, which alleges that Appriss violated the Telephone Consumer Protection Act ("TCPA") by calling his cellular telephone using an automatic telephone dialing system.[1] [Dkt. 1 at 4.] For the following reasons, the Court denies Appriss' Motion to Dismiss. [Dkt. 7.]

**I.
STANDARD OF REVIEW**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) asks whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). For the purposes of that rule, the Court will ignore conclusory legal allegations. *Iqbal*, 556 U.S. at 678 ("Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we are not bound to ac-

---

[1] Mr. Markovic filed his Complaint as a putative class action but to date has not filed a motion to certify a class. Accordingly, Mr. Markovic is the only party with "legally protected interests in the litigation[,]" *Agnew v. National Collegiate Athletic Ass'n*, 683 F.3d 328, 333 n.2 (7th Cir. 2012), and the Court will focus on the allegations specific to him.

cept as true a legal conclusion couched as a factual allegation."). The Court will, however, give the complaint the benefit of reasonable inferences from all non-conclusory allegations. *See id.*

## II.
### BACKGROUND

The factual allegations in Mr. Markovic's Complaint that the Court must accept as true are as follows. In May 2013, Mr. Markovic was in a car accident. [Dkt. 1 at 1 ¶ 10.] At approximately 11:51 a.m. on May 17, 2013, Appriss called Mr. Markovic's cellular telephone from the number 765-813-4742. [*Id.* at ¶ 11.] Appriss left Mr. Markovic a prerecorded voicemail message played by a computer, which stated as follows:

> … Dot-buycrash-dot-com that's w-w-w-dot-b-u-y-c-r-a-s-h-dot-com. Obtaining a copy of your crash report is easier than ever. No need to wait in line or return to the county where the crash occurred. At Buycrash.com, you will be able to view, download and print your report. We were sorry to hear about your crash, and hope this service helps to expedite the handling of your affairs related to this accident. If you have received this call in error, please disregard. Good day.
>
> The crash report from your recent accident has been received and is now available. A copy may be obtained by visiting the law enforcement agency that wrote the report. Or most conveniently, go to www-dot-buycrash-dot-com. That's w-w-w-dot-b-u-y-c-r-a-s-h-dot-com. Obtaining a copy of your crash report is easier than ever. No need to wait in line or return to the county where the crash occurred. At Buycrash.com, you will be able to view, download and print your report. We were sorry to hear about your crash, and hope this service helps to expedite the handling of your affairs related to this accident. If you have received this call in error, please disregard. Good day.[2]

[*Id.* at 2-3 ¶¶ 12-15.] Appriss used an automatic telephone dialing system to dial the call. [*Id.* at 3 ¶ 16.] Mr. Markovic did not consent to receiving the call or message. [*Id.* at ¶ 17.]

---

[2] Appriss claims that the recorded language Mr. Markovic cites in his Complaint is from a recording one gets when calling Appriss, not the message that Appriss leaves when it calls crash victims. [Dkt. 7-1 at 2 n.2.] As Appriss recognizes, however, the Court must accept Mr. Markovic's well-pleaded factual allegations as true for purposes of ruling on Appriss' Motion to Dismiss. [*Id.*]

Mr. Markovic filed this action against Appriss on September 10, 2013, alleging that it violated the TCPA by calling his cellular telephone using an automatic telephone dialing system. [*Id.* at 4 ¶¶ 22-25.] Mr. Markovic alleges that he was damaged by Appriss' automated call because his privacy was invaded, minutes were used from his cell phone plan, and he had to spend time tending to the unwanted call. [*Id.* at 3 ¶ 21.] Appriss has moved to dismiss Mr. Markovic's Complaint. [Dkt. 7.]

## III.
### DISCUSSION

In relevant part, the TCPA prohibits any person from using an automatic telephone dialing system to make non-emergency calls "to any telephone number assigned to . . . cellular telephone service . . . or any service for which the called party is charged for the call." 47 U.S.C. § 227(b)(1)(A)(iii). Appriss contends that Mr. Markovic's Complaint must be dismissed because he has failed to allege that he was specifically charged for the allegedly unlawful call he received from Appriss. [Dkt. 7-1 at 3-4.] Appriss admits that it has not found any binding precedent to support its argument, but it cites a split among district courts that have addressed the issue. [*Id.*]

In his response, Mr. Markovic cites the purpose of the TCPA and contends that the overwhelming majority of district courts that have addressed the issue have rejected Appriss' position. [Dkt. 14 at 5-6 (collecting cases).] He urges this Court to follow the majority and conclude that a plaintiff need not allege that he was specifically charged for the allegedly unlawful cellular telephone calls to state a TCPA claim. [*Id.*] Regardless, Mr. Markovic points out that his Complaint alleges that he used minutes from his cellular telephone plan dealing with Appriss' call, which he contends is a sufficient charge. [*Id.* at 7 n.1 (citing dkt. 1 at 3 ¶ 21).]

Appriss replies that Congress' intent when enacting the TCPA is immaterial because it cannot trump unambiguous statutory text. [Dkt. 15 at 2.] While Appriss admits that many dis-

trict courts have rejected its position, it contends that those courts are "effectively chang[ing] the statutory phrase from the actual text." [*Id.* at 3.]

Among other things, the TCPA prohibits any person from using an automatic telephone dialing system to make non-emergency calls "to any telephone number assigned to . . . cellular telephone service . . . or any service for which the called party is charged for the call." 47 U.S.C. § 227(b)(1)(A)(iii). The parties dispute whether Mr. Markovic must specifically plead that he was charged for the allegedly unlawful call from Appriss. The Court has reviewed the district court cases cited by the parties and agrees with cases from the Northern District of Illinois that have addressed this issue. Specifically, *Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838,*5 (N.D. Ill. 2012), concluded that the plain text of the TCPA conveys that "an automated call is prohibited by the TCPA even if the called party does not incur a charge that is specifically linked to that call." *Martin* notes that "the phrase 'for which the called party is charged for the call' only modifies the phrase 'any service' and that therefore the TCPA is violated even if the called party does not incur a charge that is specifically linked to the automated call." *Id.* (citing *Lozano v. Twentieth Century Fox Film Corp.*, 702 F. Supp. 2d 999, 1009-10 (N.D. Ill. 2010)). In fact, Congress amended the TCPA in 1992 to provide that the Federal Communications Commission ("FCC") "may, by rule or order, exempt from the requirements of [47 U.S.C. § 227(b)(1)(A)(iii)] calls to a telephone number assigned to a cellular telephone service that are not charged to the called party." *Abbas v. Selling Source, LLC*, 2009 WL 4884471, *3 (N.D. Ill. 2009) (citation omitted). "If uncharged calls were already exempted from the requirements of the TCPA . . . the later congressional amendment would be wholly superfluous, as no FCC 'rule or order' would be necessary to exempt such calls from the statute's purview.

Courts avoid such ineffective statutory construction." *Id.*; *see also Martin*, 2012 WL 3292838 at *5 (reaching same conclusion regarding 1992 Congressional amendment).

Moreover, as Mr. Markovic points out in his response brief, his Complaint specifically alleges that Appriss' allegedly unlawful call required him to use minutes from his cellular telephone plan, which he contends is sufficient to state a TCPA claim. [Dkt. 14 at 7 n.1 (citing dkt. 1 at 3 ¶ 21).] Appriss does not reply to this argument. The Seventh Circuit Court of Appeals has pointed out that "[t]he TCPA also protects a limited property interest, even where a consumer has prepaid for a certain number of minutes on his cell phone plan." *Martin*, 2012 WL 3292838, at *5 (citing *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638-39 (7th Cir. 2012), *reh'g denied*, ("[A]n automated call to a cell phone adds expense to annoyance. . . . [The recipient] is out of pocket *the cost of airtime minutes* and has had to listen to a lot of useless voicemail.") (emphasis added) (citing *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C.R. 14014, 14115 (2003) (reaffirming that it is unlawful to make "any call" to a cell phone using an automatic dialing system and noting that even where wireless subscribers purchase a large "bucket" of minutes at a fixed rate, the "bucket" could be exceeded more quickly if consumers receive numerous unwanted calls))); *see also In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 23 F.C.C.R. 559, 562 (2008) (FCC recognition that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used). Thus, even if the TCPA requires Mr. Markovic to have been charged for Appriss' allegedly unlawful call, he has stated a sufficient claim at this stage by alleging that the call required him to use cellular telephone minutes. Accordingly, Appriss' Motion to Dismiss must be denied. [Dkt. 7.]

## IV.
### CONCLUSION

For the reasons stated herein, the Court **DENIES** Defendant Appriss' Motion to Dismiss. [Dkt. 7.]

12/31/2013

*Hon. Jane Magnus-Stinson, Judge*
*United States District Court*
*Southern District of Indiana*

**Distribution via ECF only:**

Alexander H. Burke
BURKE LAW OFFICES, LLC
aburke@burkelawllc.com

J. Denis Ogburn
MARTIN OGBURN & ZIPPERLE, PLLC
denis.ogburn@penceogburn.com

Scott D. Owens
SCOTT E. OWENS, P.A.
scott@scottdowens.com

Stephen B Pence
PENCE & OGBURN PLLC
steve.pence@penceogburn.com

Stanley W. Whetzel Jr.
PENCE & OGBURN PLLC
swhetzel@penceogburn.com