UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| SHAYA MARKOVIC, *et al.*, | ) | |
|     *Plaintiffs*, | ) | |
| | ) | |
|     *vs.* | ) | 1:13-cv-1439-JMS-MJD |
| | ) | |
| APPRISS, INC., | ) | |
|     *Defendant*. | ) | |

## **ORDER DENYING MOTION TO TRANSFER**

Presently pending before the Court is Defendant Appriss, Inc.'s ("Appriss") Motion to Transfer Case. [Filing No. 35.] Appriss requests that this Court transfer this case to the Western District of Kentucky pursuant to 28 U.S.C. § 1404(a). [Filing No. 35; Filing No. 36.] For the following reasons, the Court **DENIES** Appriss' motion.

## I.
### BACKGROUND

The following is undisputed, unless otherwise noted. Plaintiffs Shaya Markovic and Bijan Razilou allege that they were in separate automobile accidents in Florida. [Filing No. 56 at 1.] Plaintiffs allege that after those accidents, they each received an automated telephone call from telephone number 765-813-4742 playing a prerecorded voice message "urging them to purchase a copy of police reports through defendant Appriss' website www.buycrash.com." [Filing No. 56 at 1-3.] Plaintiffs allege that Appriss used automated equipment and prerecorded messages to make those calls and that Plaintiffs did not consent to receive the calls. [Filing No. 56 at 1-3.] Plaintiffs allege that Appriss' actions violate the Telephone Consumer Protection Act ("TCPA"), and they seek statutory damages and injunctive relief on their behalf and on behalf of a putative class. [Filing No. 56 at 4-9.]

Both Plaintiffs reside in Florida.[1] [Filing No. 56 at 2.] Appriss is a Delaware corporation with its headquarters in Kentucky. [Filing No. 35-1 at 2; Filing No. 35-3 at 1.] Appriss admits that it maintains an office in Martinsville, Indiana, although it contends that office is minimally involved with the events surrounding Plaintiffs' claim. [Filing No. 35-1 at 2; Filing No. 35-3 at 1.]

Appriss asks this Court to transfer this action to the Western District of Kentucky. [Filing No. 35.] It contends that doing so is more convenient for the parties and witnesses because no events took place in Indiana, and it claims there is no evidence here. [Filing No. 35-1 at 3.] Plaintiffs object to Appriss' transfer request.[2] [Filing No. 44.]

## II.
### APPLICABLE STANDARD

A civil action may be brought in a judicial district in which any defendant resides; in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or, if there is no district in which an action may otherwise be brought, any judicial district in which any defendant is subject to the district court's personal jurisdiction with respect to such action. 28 U.S.C. § 1391.

---

[1] Appriss attempts to discredit Mr. Markovic by submitting evidence that he produced a Pennsylvania driver's license at the time of the accident and told police that he lived in Pennsylvania, not Florida. [Filing No. 38; Filing No. 38-1.] Mr. Markovic ignores these allegations in his response. [Filing No. 44.] Because it is undisputed that Mr. Markovic did not live in Indiana or Kentucky—the two venues at issue for purposes of Appriss' motion—whether he actually lived in Florida or Pennsylvania is irrelevant to the Court's transfer analysis.

[2] Mr. Razilou was added as a named plaintiff after Mr. Markovic filed his opposition to Appriss' motion to transfer. [Filing No. 56.] Plaintiffs, who are both represented by the same counsel, recently filed a Motion for Class Certification in this District, [Filing No. 60], indicating that Mr. Razilou also objects to Appriss' motion to transfer. Accordingly, the Court will refer to Mr. Markovic's opposition as Plaintiffs' opposition.

Appriss admits that venue is proper in this District. [Filing No. 46 at 4 ("[A]s for Appriss doing business in Indiana . . . that merely is why venue is proper in this district.").] Appriss requests transfer to the Western District of Kentucky pursuant to 28 U.S.C. § 1404(a), which provides "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The statute permits a "flexible and individualized analysis and affords district courts the opportunity to look beyond a narrow or rigid set of considerations in their determinations." *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010).

With respect to the convenience evaluation, courts generally consider the availability of and access to witnesses, as well as each party's access to and distance from resources in each forum. *Id.* Related factors include the location of material events and the relative ease of access to sources of proof. *Id.*

The "interest of justice" is a separate element relating "to the efficient administration of the court system." *Id.* For this element, courts typically look at docket congestion and likely speed to trial in the transferor and potential transferee districts, each court's relative familiarity with the relevant law, the respective desirability of resolving controversies in each locale, and the relationship of each community to the controversy. *Id.* The interest of justice "may be determinative, warranting transfer or its denial even where the convenience of the parties and witnesses points toward the opposite result." *Id.*

Unless the balance of factors strongly is in favor of the defendant, a plaintiff's choice of forum "should rarely be disturbed." See *In re Nat'l Presto Indus., Inc.*, 347 F.3d 662, 665 (7th Cir. 2003) ("When plaintiff and defendant are in different states there is no choice of forum that will avoid imposing inconvenience; and when the inconvenience of the alternative venues is

comparable there is no basis for a change of venue; the tie is awarded to the plaintiff . . . ."); *id. at 664* ("unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed").

### III.
#### DISCUSSION

Appriss asks this Court to transfer this action to the Western District of Kentucky because that is the location of Appriss' headquarters, where "nearly all witnesses reside," and where "nearly all evidence exists." [Filing No. 35-1 at 5.] Appriss claims that no relevant events took place in Indiana and that "[a]t most, information from [Plaintiffs'] car crash[es] was routed electronically through Indiana en route to Louisville, Kentucky." [Filing No. 35-1 at 3; Filing No. 61.] Appriss also points out that neither party has an attorney in Indiana. [Filing No. 35-1 at 2.]

Plaintiffs oppose Appriss' transfer request because the telephone calls that they allege violated the TCPA came from a telephone number assigned to Martinsville, Indiana; www.buycrash.com lists Appriss' sole location as Martinsville, Indiana, [Filing No. 44-1]; and Plaintiffs suspect that various Appriss witnesses are located in Indiana. Plaintiffs also point out that Appriss did not move to transfer this action until after this Court denied Appriss' Motion to Dismiss regarding a substantive interpretation of the TCPA. [Filing No. 44 at 3; Filing No. 28.]

Appriss replies by urging the Court to exercise its discretion to transfer this case because Plaintiffs' assumption that there may be witnesses and evidence in Indiana is speculative. [Filing No. 46 at 5.] Appriss denies that the timing of its motion has anything to do with the Court's denial of its Motion to Dismiss. [Filing No. 46 at 5.] After this motion was fully briefed, Appriss filed an unsolicited "supplement" to its motion, arguing that the addition of another Florida resident (Mr. Razilou) as a party plaintiff underscores the limited connection this case has to Indiana. [Filing No. 61.] Appriss also contends that the recent modification of the case management

deadlines has the effect of making Appriss' transfer motion "conceptually and temporally nearer to the case's beginning." [Filing No. 46 at 2.]

### A. Convenience Factor

After evaluating the parties' briefs and supporting evidence, the Court finds that Appriss has considerably downplayed this case's connection to Indiana. Appriss does not deny that the telephone number from which it called Plaintiffs is an Indiana telephone number or that the homepage for www.buycrash.com lists Martinsville, Indiana as Appriss' only address, [*see* Filing No. 44-1]. Thus, Appriss outwardly represented to Plaintiffs in the conduct at issue in this TCPA litigation that it is from Indiana. Moreover, Appriss does not deny that it has "people and offices" in Indiana, [Filing No. 46 at 4], even some related to the www.buycrash.com website to which Plaintiffs were directed, [Filing No. 35-1 at 2 (admitting that Appriss maintains a "small office . . . for buycrash.com in Martinsville, Indiana")].

With respect to the location of witnesses and evidence, Appriss relies solely on a declaration from David Kaelin, the President of its Public Information Management Group, for its assertion that "no event related to the notification call[s]" took place in Indiana. [Filing No. 35-3 at 2; Filing No. 61-2 at 1.] Mr. Kaelin admits, however, that "the software used by the local law enforcement officers to collect the crash report information was supported from Indiana." [Filing No. 35-3 at 2; Filing No. 61-2 at 1.] Moreover, as Plaintiffs point out, documents produced during discovery show that Mr. Kaelin was located in Indiana. [Filing No. 44-2 at 4 (Mr. Kaelin's signature block on Appriss' Florida crash report records bid listing Mr. Kaelin at a Greenwood, Indiana address).][3] Plaintiffs also point out that Appriss' bid for the Florida crash report contract identifies Kevin Sifferlin as the proposed contract manager and lists Indianapolis, Indiana as Mr.

---

[3] Mr. Kaelin is the only named witness on Appriss' preliminary witness list, which lists his current location as Louisville, Kentucky. [Filing No. 31.]

Sifferlin's address. [Filing No. 44-2 at 42 (bid listing Mr. Sifferlin as Contract Manager); Filing No. 44-2 at 49 (Mr. Sifferlin's resume containing Indianapolis, Indiana address).]⁴

Appriss does not explain why it is inconvenient for it to litigate this case in Indiana or, more specifically, why it would be that much more convenient to litigate in Louisville. It is typically less than a two-hour drive from Louisville to Indianapolis. Although Appriss points out that none of the attorneys who have appeared are located in Indiana, "convenience of counsel is not a proper consideration in the transfer analysis." *Whitney v. Big Dog Holdings, Inc.*, 2007 WL 3334503, *6 n.3 (S.D. Ind. 2007).

As for Plaintiffs' convenience, it is undisputed that they are not located in or around Indiana, but they chose to pursue their litigation in this forum knowing that it could be inconvenient for them. Transferring this case to Kentucky would do little to ease that burden, and without a balance of factors strongly in favor of transfer, Plaintiffs' choice of forum "should rarely be disturbed." *In re Nat'l Presto Indus., Inc.*, 347 F.3d at 664-65.

Given that certain events, evidence, and witnesses have a connection to Indiana and that Appriss has not convincingly argued why it would be inconvenient for it to litigate here, the Court concludes that the convenience factor does not weigh in favor of transfer.

### B. Interest of Justice Factor

In part, the interest of justice factor accounts for such concerns as ensuring speedy trials and having a judge who is familiar with the applicable law to the case. *Heller Fin., Inc. v. Mid-*

---

⁴ The identified connections to Indiana distinguish this case from the main case on which Appriss relies to support its transfer request. *See United States ex rel. Walterspiel v. Bayer A.G.*, 2012 U.S. Dist. LEXIS 103532 (S.D. Ind. 2012) (noting that "[t]here is no dispute that *none* of the events giving rise to the parties' dispute occurred in Indiana") (emphasis added). While the Court does not suggest that the inner workings of Appriss' relationship with Florida are relevant to proving Plaintiffs' TCPA claim, their ability to identify evidence in Indiana refutes Appriss' contention that this case has no connection to Indiana.

*whey Powder Co., Inc.*, 883 F.2d 1286, 1293 (7th Cir. 1989). Given that a federal statute is at issue in this litigation, both this Court and the Western District of Kentucky are familiar with the applicable law. As for speed to trial, the most recent statistics for each district show that on average a civil case in this District takes 24.8 months to get to trial and that it takes 27.1 months in the Western District of Kentucky. *See* Federal Judicial Caseload Statistics, United States Courts, *available at* http://www.uscourts.gov/Statistics/FederalJudicialCaseloadStatistics.aspx. This comparability makes this element of the interest of justice factor a wash.

Judicial efficiency weighs against transfer. As Plaintiffs point out, Appriss waited to request transfer until after an initial pretrial conference with the Magistrate Judge and after the Court decided Appriss' substantive Motion to Dismiss. [Filing No. 23; Filing No. 28.] Regardless of Appriss' motivation for waiting to raise the alleged inconvenience of this forum, the effect of its delay is that this Court has familiarized itself with this case. While the case is in its early stages and another court could get up to speed without too much effort, judicial efficiency weighs against transfer so that duplicative efforts do not occur.

The interest of justice factor also looks at the public interest each community has in resolving the controversy. *Research Automation*, 626 F.3d at 978. Again, Appriss does not deny that the telephone number from which it called Plaintiffs is an Indiana telephone number or that the homepage for www.buycrash.com lists Martinsville, Indiana as Appriss' only address, [*see* Filing No. 44-1]. Likewise, Appriss does not deny that it has "people and offices" in Indiana, [Filing No. 46 at 4], even some related to the www.buycrash.com website to which Plaintiffs were directed, [Filing No. 35-1 at 2 (admitting that Appriss maintains a "small office . . . for buycrash.com in Martinsville, Indiana")]. Appriss tries to downplay this case's connection to Indiana by submitting an affidavit from Mr. Kaelin attesting that the notification calls were actu-

ally made from Louisville. [Filing No. 35-3.] Even if that is true, by using an Indiana telephone number and listing an Indiana address on the website to which the telephone call directed Plaintiffs, Appriss outwardly represented a connection to Indiana in the calls at issue. Thus, Indiana has a public interest in resolving this dispute.

For these reasons, the Court concludes that the interest of justice factor weighs against transfer.

### C. Balance

Based on its analysis of the applicable factors, the Court concludes that this case should not be transferred to the Western District of Kentucky. For the telephone calls that Plaintiffs allege violated the TCPA, Appriss used an Indiana telephone number that directed Plaintiffs to a website listing an Indiana address. Moreover, Appriss has not convincingly argued why it would be inconvenient for it to continue to litigate this matter in Indiana. Finally, the interest of justice weighs against transfer because the districts at issue have comparable statistics regarding time to trial, this Court has some familiarity with the case, and Indiana has a public interest in resolving this litigation. For these reasons, the Court denies Appriss' Motion to Transfer.

## IV.
### CONCLUSION

For the reasons stated herein, the Court **DENIES** Appriss' Motion to Transfer Case. [Filing No. 35.]

**Distribution via ECF only:**

Alexander H. Burke
BURKE LAW OFFICES, LLC
aburke@burkelawllc.com

J. Denis Ogburn
MARTIN OGBURN & ZIPPERLE, PLLC
denis.ogburn@penceogburn.com

Stephen B Pence
PENCE & OGBURN PLLC
steve.pence@penceogburn.com

Stanley W. Whetzel, Jr.
PENCE & OGBURN PLLC
swhetzel@penceogburn.com

Scott D. Owens
SCOTT E. OWENS, P.A.
scott@scottdowens.com